## IRA SCHREIBER, Appellant, v. CLARENCE H. BAHR, Respondent.

### In the Kansas City Court of Appeals, November 6, 1922.

1. **NEGLIGENCE: Municipal Corporations: Ordinance: Instructions: Humanitarian Rule: An Instruction that Driver of Automobile had Right of Way under Ordinance Regulating Traffic at Street Intersection, and that Driver of Another Automobile Would Yield the Same, Held Erroneous Under the Evidence.** In an action for personal injuries and damage to an automobile received in a collision of automobile at a street intersection where the case was submitted on the humanitarian doctrine, an instruction that defendant's automobile proceeding in a southerly direction, had the right of way under an ordinance giving North and South traffic right of way, over street intersections, and driver had the right to presume that plaintiff's automobile, proceeding in a westerly direction, would yield the right of way, was erroneous, as there was evidence tending to show that plaintiff entered the intersection at a speed so fast he could not obey the ordinance.

2. ———: ———: ———: ———: ———: **An Instruction as to Right of Plaintiff to Recover for Personal Injuries and Damage to Automobile Received in Collision of Automobiles, Held Misleading and Erroneous under the Humanitarian Doctrine.** In an action for personal injuries and damage to an automobile received in collision of automobiles at a street intersection, where case was submitted upon the humanitarian doctrine, an instruction that if plaintiff, who was approaching in a westerly direction, carelessly and negligently attempted to cross immediately in front of defendant's automobile approaching in a southerly direction, in such a manner as to cause the collision, the verdict should be for defendant, was erroneous as tending to mislead the jury as to the law because under the humanitarian doctrine, plaintiff could recover even though he carelessly and negligently attempted to cross in front of defendant's automobile, provided that he was not so nearly in front of defendant's automobile that by the exercise of ordinary care defendant's driver could have avoided the collision after he saw, or by the exercise of ordinary care, could have seen plaintiff in a position of peril and oblivious thereto, or that plaintiff, although knowing his peril, had not intentionally or wantonly gotten himself into it and was unable to extricate himself therefrom.

Appeal from the Circuit court of Buchanan County.—
*Hon. Wm. H. Utt,* Judge.

REVERSED AND REMANDED.

*O. E. Shults* for appellant.

*Landis & Duncan* for respondent.

BLAND, J.—This is an action for personal injuries and damage to an automobile alleged to have been caused by the negligence of defendant in running his automobile into that of plaintiff. There was a verdict for the defendant and plaintiff has appealed.

The collision happened at the intersection of Fourth and Edmond Streets in St. Joseph, Missouri. Plaintiff was driving on Edmond Street from east to west and defendant on Fourth Street from north to south. There was an ordinance introduced in evidence providing that automobiles traveling from north to south at the intersection should have the right of way over those traveling from east to west, and also providing that in the district in which the collision occurred automobiles should not be operated at a greater speed than twelve miles per hour. The case was submitted on the humanitarian doctrine. On behalf of the defendant the court instructed the jury that if they found that both automobiles arrived at the intersection—

". . . of said Fourth and Edmond Streets at approximately the same time, then you are instructed that the automobile proceeding in a southerly direction had the right of way over said intersection, and had a right to presume that the automobile proceeding in a westerly direction would yield the right of way to it."

In another intersection the court instructed the jury that if defendant's automobile was being operated in a careful and prudent manner and that plaintiff's automobile was being operated on the south or wrong side of Edmond Street at its intersection with Fourth Street,—

"and if you further find and believe from the evidence that plaintiff carelessly and negligently attempted to cross Fourth Street immediately in front of defendant's said automobile, in such manner as to cause the collision, then your verdict will be for defendant."

Plaintiff complains of the giving of these instructions. We think that both instructions were erroneous. Under the circumstances submitted in the first instructions defendant's automobile had the right of way but its driver had no right to presume that plaintiff would yield the right of way after the driver of defendant's car saw that the ordinance was being violated. It is true that there is evidence in the record that the driver of defendant's car saw plaintiff come into the intersection in such a manner that he could have complied with the ordinance and could have given defendant's car the right of way, and that plaintiff slowed up as though to give him the right of way, and that defendant's driver attempted to pass in front but was unable to do so on account of plaintiff's suddenly increasing the speed of his automobile. However, there is other evidence in the record that the distance between the curbs of both streets was thirty-five feet, six inches; that plaintiff was seen at a point seven feet east of the intersection of the two streets, going at a rate of twenty-five miles per hour; that at this point plaintiff applied his brakes and skidded or slid his car about three feet when he released his brakes and speeded up the car; that when plaintiff applied the brake of the car he reduced the speed of his car to about twenty miles per hour but afterwards increased it. From this evidence the jury could have found that it was evident to defendant's driver (and there is evidence tending to so show) that plaintiff entered the intersection at a speed so fast he could not obey the ordinance. The court, therefore, should not have instructed the jury unconditionally that the driver of defendant's automobile had a right to presume under the facts submitted that plaintiff would yield the right of way to him.

The second instruction mentioned was erroneous because it tends to mislead the jury as to the law. Under the humanitarian doctrine plaintiff could recover even though plaintiff carelessly and negligently attempted to cross Fourth Street in front of defendant's said automobile provided that he was not so nearly in front of defendant's automobile that by the exercise of ordinary care defendant's driver could have avoided the collision after he saw, or by the exercise of ordinary care could have seen, plaintiff in a position of peril and oblivious thereto, or that plaintiff, although knowing his peril had not intentionally or wantonly gotten himself into it and was unable to extricate himself therefrom. There was evidence that defendant's car came into the intersection at a very slow rate of speed and that the driver thereof could have stopped it in a few feet. The question, under the evidence, was indeed a close one. [Varley v. Columbia Taxicab Co., 240 S. W. 218, 224.]

Plaintiff also complains of the refusal of the court to give his instruction No. 1. We think the court properly refused this instruction. It is a long and complicated one and one not calculated to be easily understood by a jury. While the instruction had the jury find that defendant saw, or by the exercise of ordinary care could have seen, plaintiff in a place of danger and peril, this was not sufficient. It should have provided that the jury find that defendant's driver, under the circumstances submitted, saw, or could have seen, by the exercise of ordinary care, plaintiff in a position of peril *and oblivious thereof* or so situated that he could not extricate himself from peril evident to him and which he did not intentionally or wantonly get into. Upon a retrial of the case this instruction as it now appears in the record should not be given.

The judgment is reversed and the cause remanded. All concur.